**Foster J. GIBBONS, Petitioner–Appellant,**

v.

**Louise M. SMITH, Individually and as beneficiary of Louise M. Smith IRA Respondent–Appellee.**

**Docket No. 02–7478.**

United States Court of Appeals, Second Circuit.

June 9, 2003.

---

Foster J. Gibbons, New York, N.Y., for Petitioner–Appellant, attorney pro se.

Dayton P. Haigney, New York, N.Y., for Respondent–Appellee.

PRESENT: CALABRESI, SACK, Circuit Judges, and GARAUFIS,* District Judge.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE AT-

TENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 9th day of June, two thousand and three.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is AFFIRMED.

Foster J. Gibbons appeals from the judgment of the United States District Court for the Southern District of New York (Preska, *Judge* ), denying his petition to vacate, pursuant to 9 U.S.C. § 10, an arbitration award against him and granting the respondent's counter-petition to confirm, pursuant to 9 U.S.C. § 9, that award. For the reasons stated below, we affirm the judgment of the district court.

This court reviews a district court's decision upholding or vacating an arbitration award *de novo* on questions of law and for clear error on findings of fact. *Local 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O. v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir.1999). We are free to affirm the district court's confirmation of an arbitral award on any basis supported in the record. *See Name.Space, Inc. v. Network Solutions, Inc.*, 202 F.3d 573, 584 (2d Cir.2000).

Federal courts are required to give arbitrators' decisions considerable deference.

---

\* The Honorable Nicholas G. Garaufis, United States District Court Judge for the Eastern District of New York, sitting by designation.

The showing required to avoid summary confirmation of an arbitration award is high and a party moving to vacate the award has the burden of proof. Moreover, arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation. The court's function in confirming or vacating an arbitration award is severely limited.

*Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.,* 103 F.3d 9, 12 (2d Cir.1997) (internal citations and punctuation omitted). The Federal Arbitration Act provides that a district court may, upon application of any party, vacate an arbitration award in any of the following cases:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Generally, "[c]ourts have interpreted section 10(a)(3) to mean that except where fundamental fairness is violated, arbitration determinations will not be opened up to evidentiary review." *Tempo Shain Corp. v. Bertek, Inc.,* 120 F.3d 16, 20 (2d Cir.1997).

Gibbons maintains that the arbitral award that was entered against him pursuant to the National Association of Securities Dealers (NASD) Code of Arbitration was fundamentally unfair because he was not given adequate notice of the arbitral hearings, which resulted in an award against him. In particular, Gibbons argues that he received inadequate notice because letters regarding those hearings were mailed to him care of his former employer, rather than to his home address.

Gibbons does not contest that he received a copy of the Statement of Claim, which named, inter alia, Gibbons and his employer, J.P. Gibbons & Co. (f/k/a The Golden Lender Financial Group, Inc.) as respondents. Nor does he contest that, on December 16, 1999, he submitted, on behalf of all of the respondents, a Joint Answer or that, on January 19, 2000, he submitted, on behalf of himself and certain other individual respondents, a second Joint Answer. Gibbons claims, however, that he left the employment of J.P. Gibbons & Co. sometime in March 2000 and that letters sent to him at that address were not forwarded to him. He also maintains that the NASD Director of Arbitration was on notice that he was no longer employed at J.P. Gibbons & Co. because (1) J.P. Gibbons & Co. submitted a Form U–5 notifying the NASD of his termination (though Gibbons does not provide a copy of that form) and (2) during that period other branches of the NASD mailed correspondence to him at his home address. Gibbons argues that the NASD failure to send notices to his home address did not afford him due process in the proceedings, rendering them fundamentally unfair.

We find that on the facts of this case, there was no fundamental unfairness. First, Gibbons presents no evidence that the procedures used violated the NASD Code of Arbitration. Rule 10314(c)(2) stip-

ulates that if a member firm and a person associated with the member firm are named parties to an arbitration proceeding at the time of the filing of the Statement of Claim, service to the associated person may be made to the member firm, which shall perfect service on the associated person and, if it does not undertake to represent the associated person, shall notify the NASD Director of Arbitration of that person's current address. Regardless of when Gibbons left the employ of J.P. Gibbons & Co. and regardless of whether a Form U–5 was submitted, Gibbons remained a "person associated with the member firm." If J.P. Gibbons & Co. did not notify the NASD Director of Arbitration that it no longer represented Gibbons, if it did not inform the Director of Arbitration of his new address, and if did not forward service to Gibbons, then J.P. Gibbons & Co. may have violated Rule 10314(c)(2) and Gibbons may have a claim against it. But such a potential violation by a party to arbitration does not render the arbitral procedures themselves fundamentally unfair.

Moreover, Rule 10315 of the NASD Code of Arbitration requires that notice be personally served or sent by certified or registered mail only for the first hearing before the arbitration panel. Gibbons, who bears the burden of proof, presents no evidence that notice of the first hearing before the panel, which was scheduled for May 1, 2000, was not made in one of the required forms.

Second, the fact that during the same period Gibbons received from the NASD at his home address other correspondence concerning other matters does not mean that the NASD arbitration panel hearing his case had or should have had notice of Gibbons's new address. Nor would it have been reasonable for Gibbons to infer from the fact that he was receiving other NASD correspondence addressed to him at home that the arbitration panel knew that he had left J.P. Gibbons & Co.

Finally, and most significantly, we simply cannot agree with Gibbons that the NASD procedures, as applied to his case, were fundamentally unfair. Gibbons is an attorney and had served as the compliance officer of a licenced NASD securities dealer. He was presumably familiar with the course of arbitral proceedings, he knew that a claim had been filed against him, and he had no reason to think that claim would disappear of its own accord. As late as January 2000, Gibbons informed the other parties in the arbitration that correspondence to certain respondents, including himself, should be directed to his attention at J.P. Gibbons & Co. Yet, according to his own account, after he left the employ of J.P. Gibbons & Co. in March 2000, he did nothing to inform the arbitral panel or the other parties of that fact or of where he might be reached. If his actions were due to a misplaced reliance on J.P. Gibbons & Co., he may have a claim against that firm. But again, any such wrongs that might conceivably have been committed by J.P. Gibbons & Co. do not render the procedures used in the arbitration fundamentally unfair.

We have considered all of Gibbons other arguments and find them meritless. We therefore AFFIRM the judgment of the district court.